IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALVIE ELLIOTT BUTCHER,

    Petitioner,

v.

STAN CZERNIAK,

    Respondent.

Civil No. 03-1022-BR

OPINION AND ORDER

    ANTHONY D. BORNSTEIN
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    LESTER R. HUNTSINGER
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

BROWN, Judge.

Petitioner brings this Petition for Writ of Habeas Corpus (#1) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition.

## BACKGROUND

On October 14, 1999, Petitioner was convicted by a jury on charges of Sodomy in the First Degree and four counts of Unlawful Sexual Penetration in the Second Degree. The trial judge sentenced Petitioner to 225 months of imprisonment.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion. *State v. Butcher*, 173 Or. App. 446, 21 P.3d 666 (2001). Petitioner did not seek review in the Oregon Supreme Court.

Petitioner then sought post-conviction relief ("PCR") in the state court. Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed the denial of PCR relief. Daniel Q. O'Dell, Petitioner's court-appointed attorney on appeal, filed a "*Balfour*[1]" brief on Petitioner's behalf, in which he did not present any issues. The Oregon Court of Appeals

---

[1] Under Oregon law, appointed appellate counsel may file a *Balfour* brief upon determining no justiciable issues may be raised. A "*Balfour*" brief consists of two parts: (1) a statement of facts and procedural history, which is prepared and signed by appellate counsel; and (2) a statement of claims or errors which is prepared and signed by the petitioner. *See State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991).

affirmed without opinion.  *Butcher v. Lampert*, 190 Or. App. 304, 79 P.3d 417 (2003).  After O'Dell failed to file a petition for review with the Oregon Supreme Court, the Oregon Supreme Court suspended him from the practice of law for three years because he neglected several post-conviction cases, including Petitioner's.

On July 28, 2003, Petitioner filed his Petition for Writ of Habeas Corpus in this court.  Petitioner alleges five grounds for relief:

> **Ground One:**  Conviction was made by gathering evidence which led to [*sic*] witnesses and jury to match the believability of my statement to the second-handed (hearsay) statements of those involved.
>
> **Ground Two:**  Invalid oath of office by the Circuit Court Judge - Oath of Office taken by Circuit Court Judge does not match oath of office given in the State (Oregon) Constitution.
>
> **Ground Three:**  My conviction was based on testimony given by Cares NW who were trained and certified in sexual abuse crisis management but not child phycology [*sic*].  Cares NW gave testimony as to the believability of statements made by victim ... but did not disclose or evaluate any other statements by her as to her motivations.  The Columbia County District Attorney's office knew that a child phycologist [*sic*] would show their case in another light.
>
> **Ground Four:**  The grand jury indictment used at trial did not include actual testimony of its witnesses, only previous testimony which was read into the record.  The final indictment charging me (other indictments dismissed) added an additional charge not previously mentioned.  This addition was made at the request of the Columbia County District Attorney's office.
>
> **Ground Five:** Denial of effective assistance of counsel.  My court-appointed counsel was engaged in many other

3 - OPINION AND ORDER -

>     cases at the same time as mine. He did not know about
>     or investigate many of the facts of my case. An
>     examination of witnesses was planned by the named
>     investigator and child phycologist [sic] authorized by
>     the court. Neither was hired even after initial contact
>     was made.

Respondent contends Petitioner procedurally defaulted all of the grounds for relief alleged in his Petition. Although Petitioner concedes procedural default, he argues nonetheless that attorney O'Dell's errors constitute "cause" sufficient to excuse the default. In the alternative, Petitioner seeks an evidentiary hearing on his claims.

### DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceeding before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003).

A federal habeas claim is procedurally defaulted if the claim could have been raised in state court, but was not and, as a result, is now procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, (1991). If a state prisoner has procedurally defaulted his federal claim in state court, federal habeas review

is precluded unless the prisoner can demonstrate both cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

In *Coleman*, the Supreme Court examined when attorney error constitutes "cause" to excuse a procedural default. The Court concluded that attorney ignorance or inadvertence constitutes cause only in proceedings in which the petitioner has a Sixth Amendment right to counsel. *Id*. at 753-54. The Court explained that "[t]his is not because . . . the error is so bad that 'the lawyer ceases to be an agent of the petitioner." *Id*. at 754. Instead, "'if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State.'" *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's [Sixth Amendment] right to counsel, so that the error must be seen as an external factor, *i.e.*, one which may be 'imputed to the State'." *Id.* at 754.

Petitioner does not contend he had a constitutional right to counsel in his state post-conviction proceedings. Instead,

5 - OPINION AND ORDER -

Petitioner argues that *Coleman* does not apply because his PCR appellate counsel's failure to communicate, failure to notify him of the adverse Court of Appeals' decision, and failure to seek review by the Oregon Supreme Court were such "egregious errors" that counsel was no longer acting as the Petitioner's "legitimate agent."

In *Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000), the Ninth Circuit concluded that an attorney's omission, committed when the attorney *acted under a conflict of interest*, may constitute cause to excuse a procedural default even in the absence of a Sixth Amendment violation. The Ninth Circuit noted that, when an attorney's failure to act is caused by his own self-interest, the failure is an objective factor external to the defense and constitutes cause to excuse a procedural default. *Id*. at 1134. In the instant proceeding, however, Petitioner presents no argument or evidence that his PCR appellate counsel acted under a conflict of interest.

The Fifth Circuit has rejected an argument similar to Petitioner's, concluding that it is merely a claim of "poor representation cloaked in the mantle of no representation":

> [W]hile attempting to sidestep *Coleman* by arguing that his attorneys never represented him *at all*, [his claim] actually falls squarely within that holding. His argument is simply that his attorneys failed to act or otherwise inadvertently allowed deadlines to pass, contentions that are merely ones of poor representation cloaked in the mantle of no representation.

6 - OPINION AND ORDER -

> [Petitioner] demonstrates no external impediment-necessary to show "cause"-that prevented his counsel from constructing or raising his claims.
>
> . . . . .
>
> The crucial, and in this case fatal, distinction for [petitioner] is that the attorney errors to which he adverts occurred at the post-conviction stage. Because [petitioner] had no right to counsel in his state collateral proceeding, insofar as his claim is for ineffective assistance, it must also fail because there can be no independent constitutional violation.

*Fairman v. Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999).

In this case, Petitioner has not identified any objective factor external to the defense that impeded his ability to seek timely review in his post-conviction proceeding. In addition, Petitioner has not alleged any "interference" by government officials that prevented him from doing so, or that his attorney harbored any conflict of interest. Finally, Petitioner has not made any showing that a failure to consider his federal claims will result in a fundamental miscarriage of justice.

Thus, federal habeas relief is barred, and there is not any basis to proceed with an evidentiary hearing.

///
///
///
///

7 - OPINION AND ORDER -

**CONCLUSION**

Based on the foregoing, the Court DENIES the Petition For Writ of Habeas Corpus.

IT IS SO ORDERED.

DATED this __20th__ day of January, 2006.

                                            /s/ Anna J. Brown
                                               ANNA J. BROWN
                                               United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALVIE ELLIOTT BUTCHER,

    Petitioner,

v.

STAN CZERNIAK,

    Respondent.

Civil No. 03-1022-BR

OPINION AND ORDER

    ANTHONY D. BORNSTEIN
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, OR  97204

        Attorney for Petitioner

    HARDY MYERS
    Attorney General
    LESTER R. HUNTSINGER
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner brings this Petition for Writ of Habeas Corpus (#1) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition.

## BACKGROUND

On October 14, 1999, Petitioner was convicted by a jury on charges of Sodomy in the First Degree and four counts of Unlawful Sexual Penetration in the Second Degree. The trial judge sentenced Petitioner to 225 months of imprisonment.

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed without opinion. *State v. Butcher*, 173 Or. App. 446, 21 P.3d 666 (2001). Petitioner did not seek review in the Oregon Supreme Court.

Petitioner then sought post-conviction relief ("PCR") in the state court. Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed the denial of PCR relief. Daniel Q. O'Dell, Petitioner's court-appointed attorney on appeal, filed a "*Balfour*[1]" brief on Petitioner's behalf, in which he did not present any issues. The Oregon Court of Appeals

---

[1] Under Oregon law, appointed appellate counsel may file a *Balfour* brief upon determining no justiciable issues may be raised. A "*Balfour*" brief consists of two parts: (1) a statement of facts and procedural history, which is prepared and signed by appellate counsel; and (2) a statement of claims or errors which is prepared and signed by the petitioner. *See State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991).

2 - OPINION AND ORDER -

affirmed without opinion. *Butcher v. Lampert*, 190 Or. App. 304, 79 P.3d 417 (2003). After O'Dell failed to file a petition for review with the Oregon Supreme Court, the Oregon Supreme Court suspended him from the practice of law for three years because he neglected several post-conviction cases, including Petitioner's.

On July 28, 2003, Petitioner filed his Petition for Writ of Habeas Corpus in this court. Petitioner alleges five grounds for relief:

> **Ground One:** Conviction was made by gathering evidence which led to [*sic*] witnesses and jury to match the believability of my statement to the second-handed (hearsay) statements of those involved.
>
> **Ground Two:** Invalid oath of office by the Circuit Court Judge - Oath of Office taken by Circuit Court Judge does not match oath of office given in the State (Oregon) Constitution.
>
> **Ground Three:** My conviction was based on testimony given by Cares NW who were trained and certified in sexual abuse crisis management but not child phycology [*sic*]. Cares NW gave testimony as to the believability of statements made by victim ... but did not disclose or evaluate any other statements by her as to her motivations. The Columbia County District Attorney's office knew that a child phycologist [*sic*] would show their case in another light.
>
> **Ground Four:** The grand jury indictment used at trial did not include actual testimony of its witnesses, only previous testimony which was read into the record. The final indictment charging me (other indictments dismissed) added an additional charge not previously mentioned. This addition was made at the request of the Columbia County District Attorney's office.
>
> **Ground Five:** Denial of effective assistance of counsel. My court-appointed counsel was engaged in many other

3 - OPINION AND ORDER -

> cases at the same time as mine. He did not know about or investigate many of the facts of my case. An examination of witnesses was planned by the named investigator and child phycologist [sic] authorized by the court. Neither was hired even after initial contact was made.

Respondent contends Petitioner procedurally defaulted all of the grounds for relief alleged in his Petition. Although Petitioner concedes procedural default, he argues nonetheless that attorney O'Dell's errors constitute "cause" sufficient to excuse the default. In the alternative, Petitioner seeks an evidentiary hearing on his claims.

### DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceeding before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003).

A federal habeas claim is procedurally defaulted if the claim could have been raised in state court, but was not and, as a result, is now procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, (1991). If a state prisoner has procedurally defaulted his federal claim in state court, federal habeas review

is precluded unless the prisoner can demonstrate both cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

In *Coleman*, the Supreme Court examined when attorney error constitutes "cause" to excuse a procedural default. The Court concluded that attorney ignorance or inadvertence constitutes cause only in proceedings in which the petitioner has a Sixth Amendment right to counsel. *Id*. at 753-54. The Court explained that "[t]his is not because . . . the error is so bad that 'the lawyer ceases to be an agent of the petitioner." *Id*. at 754. Instead, "'if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State.'" *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's [Sixth Amendment] right to counsel, so that the error must be seen as an external factor, *i.e.*, one which may be 'imputed to the State'." *Id.* at 754.

Petitioner does not contend he had a constitutional right to counsel in his state post-conviction proceedings. Instead,

5 - OPINION AND ORDER -

Petitioner argues that *Coleman* does not apply because his PCR appellate counsel's failure to communicate, failure to notify him of the adverse Court of Appeals' decision, and failure to seek review by the Oregon Supreme Court were such "egregious errors" that counsel was no longer acting as the Petitioner's "legitimate agent."

In *Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000), the Ninth Circuit concluded that an attorney's omission, committed when the attorney *acted under a conflict of interest*, may constitute cause to excuse a procedural default even in the absence of a Sixth Amendment violation. The Ninth Circuit noted that, when an attorney's failure to act is caused by his own self-interest, the failure is an objective factor external to the defense and constitutes cause to excuse a procedural default. *Id*. at 1134. In the instant proceeding, however, Petitioner presents no argument or evidence that his PCR appellate counsel acted under a conflict of interest.

The Fifth Circuit has rejected an argument similar to Petitioner's, concluding that it is merely a claim of "poor representation cloaked in the mantle of no representation":

> [W]hile attempting to sidestep *Coleman* by arguing that his attorneys never represented him *at all*, [his claim] actually falls squarely within that holding. His argument is simply that his attorneys failed to act or otherwise inadvertently allowed deadlines to pass, contentions that are merely ones of poor representation cloaked in the mantle of no representation.

6 - OPINION AND ORDER -

> [Petitioner] demonstrates no external impediment–necessary to show "cause"–that prevented his counsel from constructing or raising his claims.
>
> . . . . .
>
> The crucial, and in this case fatal, distinction for [petitioner] is that the attorney errors to which he adverts occurred at the post-conviction stage. Because [petitioner] had no right to counsel in his state collateral proceeding, insofar as his claim is for ineffective assistance, it must also fail because there can be no independent constitutional violation.

*Fairman v. Anderson*, 188 F.3d 635, 643, *reh'g & reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999).

In this case, Petitioner has not identified any objective factor external to the defense that impeded his ability to seek timely review in his post-conviction proceeding. In addition, Petitioner has not alleged any "interference" by government officials that prevented him from doing so, or that his attorney harbored any conflict of interest. Finally, Petitioner has not made any showing that a failure to consider his federal claims will result in a fundamental miscarriage of justice.

Thus, federal habeas relief is barred, and there is not any basis to proceed with an evidentiary hearing.

///

///

///

///

7 - OPINION AND ORDER -

## CONCLUSION

Based on the foregoing, the Court DENIES the Petition For Writ of Habeas Corpus.

IT IS SO ORDERED.

DATED this __20th__ day of January, 2006.

                               /s/ Anna J. Brown
                                   ANNA J. BROWN
                                   United States District Judge